**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40596**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 530 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 29, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHRISTOPHER JOHN BLAIR, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and lifetime revocation of hunting, fishing, and trapping privileges, for sale of unlawfully possessed bighorn sheep, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Christopher John Blair appeals from his judgment of conviction and lifetime revocation of his hunting, fishing, and trapping privileges. We affirm.

**I.**

**FACTS AND PROCEDURE**

Blair pled guilty to the sale of unlawfully possessed bighorn sheep, a violation of Idaho Code § 36-501(b).[1] The district court sentenced Blair to a unified term of four years, with one and one-half years determinate, and revoked Blair's hunting, fishing, and trapping privileges for life. Blair filed an Idaho Criminal Rule 35 motion for reduction of his sentence. The district

---

[1]     Idaho Code § 36-501 provides that "violati[ons of] the provisions of this subsection shall be found guilty as provided in section 36-1401, Idaho Code, and shall be punished as set forth in section 36-1402, Idaho Code."

court granted Blair's request for a period of retained jurisdiction, but denied his request for a reduction of his sentence. Blair appeals, contending the district court abused its discretion by imposing a lifetime revocation of his hunting, fishing, and trapping privileges.

## II.

## ANALYSIS

Idaho Code § 36-1402(e) provides that, in addition to any other penalties, the court shall revoke the hunting, fishing, and trapping privileges for a period of no less than one year and up to the person's lifetime for flagrant violations. Flagrant violations include the sale of unlawfully possessed bighorn sheep, a felony violation. I.C. §§ 36-1401, 36-1402(e).

Blair argues that the district court abused its discretion when it revoked his hunting, fishing, and trapping privileges for life because a lifetime revocation should be limited to poachers. Appellate review of a district court's lifetime revocation of a license to hunt, fish, and trap is for an abuse of discretion. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Where a sentence is within the statutory limits, the appellant bears the burden of demonstrating that it is a clear abuse of discretion. *State v. Baker*, 136 Idaho 576, 577, 38 P.3d 614, 615 (2001). To constitute an abuse of discretion, the sentence must be shown to be excessive under any reasonable view of the facts. *Id.* A sentence is reasonable if at the time of imposition it appears necessary to achieve the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to the given case. *Id*.

Blair contends that a lifetime penalty "should be reserved for the worst violators--individuals that poach animals." However, the statute providing for a lifetime license revocation for hunting, trapping, and fishing makes no distinction in the culpability of those who sell bighorn sheep skulls as a result of poaching or finding the animal after it has died of natural causes. I.C. § 36-1402(e). Blair endeavors to make this distinction by citing to section 36-501(b), which provides in part, "It shall be lawful to possess or sell naturally shed antlers or horns of deer, elk, moose, antelope and mountain goat, and antlers or horns of deer,

2

elk, moose, antelope and mountain goat which have died from natural causes." This is an exception to the general prohibition in section 36-501 to sell or buy wildlife. The introduction to the section provides, "No person shall sell or buy any species of wildlife or parts thereof except as hereinafter provided." I.C. § 36-501. Blair is correct that an exception is made for all of the big game animals listed in section 36-501(b). However, bighorn sheep are not listed as an exception.[2] As section 36-501 does not except bighorn sheep horns from the general prohibition, they are excluded from lawful sale.

Blair relies on the recent amendment to the Idaho State Constitution as authority to maintain his argument that a lifetime license revocation should be reserved for poachers. The amendment reads:

> The rights to hunt, fish and trap, including by the use of traditional methods, are a valued part of the heritage of the State of Idaho and shall forever be preserved for the people and managed through the laws, rules and proclamations that preserve the future of hunting, fishing and trapping. Public hunting, fishing and trapping of wildlife shall be a preferred means of managing wildlife. The rights set forth herein do not create a right to trespass on private property, shall not affect rights to divert, appropriate and use water, or establish any minimum amount of water in any water body, shall not lead to a diminution of other private rights, and shall not prevent the suspension or revocation, pursuant to statute enacted by the Legislature, of an individual's hunting, fishing or trapping license.

IDAHO CONST. art. I, § 23.

The primary objective in construing the constitution is to determine the intent of the framers through the words approved by the drafters and later adopted by the people, in which the words are to be given their natural and popular meaning. *Idaho Press Club, Inc. v. State Legislature*, 142 Idaho 640, 642, 132 P.3d 397, 399 (2006). Generally, the amendment entrusts the State with preserving and managing hunting, fishing, and trapping rights through its laws, rules, and proclamations. Additionally, it specifically empowers the State to suspend or revoke a person's license. Nothing in the amendment supports the notion that a lifetime revocation of hunting, fishing, and trapping privileges is reserved for a category of violators such as poachers.

---

[2] *Expressio unius est exclusio alterius* is a recognized rule of statutory interpretation "meaning that the specific mention of certain things implies the exclusion of all others." *State v. Acuna*, 154 Idaho 139, 142, 294 P.3d 1151, 1154 (Ct. App. 2013).

Additionally, Blair argues that the district court did not exercise reason by revoking his license for life in the face of Blair's acknowledgment that his actions were wrong, that he had learned his lesson, and that he would not engage in similar behavior in the future. A sentence is reasonable if it appears necessary to achieve the primary objective of protecting society, with all other factors subservient to that end, including specific and general deterrence. *State v. Hunnel*, 125 Idaho 623, 627, 873 P.2d 877, 881 (1994). The protection of society encompasses the State's natural resources.

The State of Idaho, through the Fish and Game Department, is entrusted with protecting societies' interest in the State's natural resources. This authority originates in Idaho Code Title 36. In that title, bighorn sheep receive the greatest measure of protection provided to fish or game. I.C. § 36-106 (limiting the Fish and Game Director's ability to relocate bighorn sheep); I.C. § 36-202 (identifying bighorn sheep ram as a trophy big game animal); I.C. § 36-1402 (assessing the highest minimum fine per animal for misdemeanor violations); I.C. § 36-1404 (assessing the highest reimbursement damages per animal for violations).

The district court took into consideration the nature of Blair's offense and his potential to engage in such conduct in the future based on his prior history. Blair admitted to previously completing another illegal sale of a bighorn sheep skull. He acknowledged that he knew his actions were wrong, yet before he was arrested in this instance, he planned to return to where he found the skull in order to find more skulls for the sole purpose of selling them. The district court found that Blair was using the illegal sale of bighorn sheep skulls as his only source of income and placed an emphasis on this finding. Based on the information provided to it for the purpose of sentencing, the district court's sentence was reasonably necessary to protect society and achieve the related goal of deterrence. Blair has not demonstrated that the district court abused its discretion in imposing the sentence. Therefore, Blair's judgment of conviction and the lifetime revocation of Blair's hunting, fishing, and trapping privileges are affirmed.

Judge LANSING and Judge GRATTON **CONCUR.**

4