**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41720**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 734 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 18, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| PEGGY SUE BOYER-WILLIAMS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of five years, for burglary, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Peggy Sue Boyer-Williams pled guilty to burglary. I.C. §§ 18-1401, 18-204. In exchange for her guilty plea, additional charges, including an allegation that Boyer-Williams was a persistent violator, were dismissed. The district court sentenced Boyer-Williams to a unified term of ten years, with a minimum period of confinement of five years. Boyer-Williams filed an I.C.R 35 motion, which the district court denied. Boyer-Williams appeals, arguing the district court erred in refusing to place her on probation and erred in denying her Rule 35 motion for reduction of sentence.

1

Probation is a matter left to the sound discretion of the court. I.C. § 19-2601(4). Where a sentence is within statutory limits, the appellant bears the burden of demonstrating that it is a clear abuse of discretion. *State v. Baker*, 136 Idaho 576, 577, 38 P.3d 614, 615 (2001); *State v. Lundquist*, 134 Idaho 831, 836, 11 P.3d 27, 32 (2000). Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Boyer-Williams's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Boyer-Williams's judgment of conviction and sentence, and the district court's order denying Boyer-Williams's Rule 35 motion, are affirmed.