# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49994

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 11, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) |
| JOSEPH R. BLACKER, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Judgment of conviction and unified sentence of fifteen years with a minimum period of confinement of eleven years for attempted rape, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Joseph R. Blacker appeals from the judgment of conviction, challenging the district court's sentence for attempted rape. Blacker argues that the district court abused its discretion by imposing a unified sentence of fifteen years with eleven years determinate. Blacker also argues the district court erred by denying his Idaho Criminal Rule 35(b) motion. For the reasons set forth below, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Blacker pled guilty to attempted rape, Idaho Code § 18-6101. In exchange for his guilty plea, additional charges were dismissed.[1] The charges arose after Blacker, a sixteen year old, was riding an ATV down a canal bank when he spotted the victim jogging. Blacker turned around and started following the victim--whom he had never met. He eventually caught up to her, tackled her from behind, held a knife against her throat, and started forcibly removing her clothing. As the victim screamed for help, Blacker whispered, "no one is going to hear you." The victim was able to run away while he tried to unbutton his pants, but Blacker tackled her again. As another ATV started to come nearby, the victim was able to run for safety and report the attack to law enforcement. Blacker was subsequently arrested, and he admitted his involvement in the attack. The juvenile court waived jurisdiction, and Blacker's case was assigned to the district court.

During the sentencing hearing, the district court reviewed the victim impact statement; summarized Blacker's presentence investigation report (PSI) and both the adult and juvenile psychosexual evaluation (PSE); and considered the mitigating and aggravating factors. The district court sentenced Blacker to a unified sentence of fifteen years with eleven years determinate. The district court rejected Blacker's request for a blended sentence, which would have allowed Blacker to serve his remaining juvenile years in a juvenile facility before being transferred to an adult facility for the rest of his term. Blacker filed an I.C.R. 35(b) motion, which the district court denied. Blacker timely appeals.

# II.

## STANDARD OF REVIEW

Sentencing lies within the discretion of the trial court. *State v. Casper*, 169 Idaho 793, 797, 503 P.3d 1009, 1013 (2022). When reviewing whether the length of a sentence is excessive, the appellate court reviews all the facts and circumstances in the case and focuses on whether the trial court abused its discretion in fashioning the sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007); *State v. Baker*, 136 Idaho 576, 577, 38 P.3d 614, 615 (2001). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered

---

[1] According to the plea agreement, the State dismissed charges for aggravated assault, Idaho Code § 18-905, and battery with intent to commit a serious felony, I.C. § 18-911. The plea agreement left sentencing recommendations open.

2

inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Blacker argues that the district court erred by imposing a unified sentence of fifteen years with eleven years determinate, and by denying his I.C.R. 35(b) motion for reduction of sentence. We will address each of his contentions in turn.

### A. The District Court's Findings Are Supported by Substantial and Competent Evidence

Blacker argues that the sentence imposed by the district court was an abuse of discretion, claiming it was based on a clearly erroneous factual finding that he presents an extraordinarily high risk to offend. The State contends that no error has been shown and that substantial and competent evidence in the record supports the district court's findings.

The appellate court reviews the trial court's factual findings for clear error. *State v. Ish*, 166 Idaho 492, 501, 461 P.3d 774, 783 (2020). Factual findings that are not supported by substantial and competent evidence are clearly erroneous. *State v. Henage*, 143 Idaho 655, 659, 152 P.3d 16, 20 (2007). Conversely, factual findings that are supported by substantial and competent evidence are not clearly erroneous and will not be overturned on appeal. *State v. Bishop*, 146 Idaho 804, 810, 203 P.3d 1203, 1209 (2009); *see Ish*, 166 Idaho at 501, 461 P.3d at 783. Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion. *State v. Hess*, 166 Idaho 707, 710, 462 P.3d 1171, 1174 (2020).

As an initial matter, Blacker contends that it is "unclear" what "materials" the district court was referencing when the court stated, "I think these materials add up to an extraordinary high likelihood that there will be another victim if anything other than an imposed sentence is there." This argument lacks any merit. Before referencing "these materials" the district court identified the sentencing documents and their content, including: the PSI, PSE, GAIN-I assessment, St. Luke's medical reports, a letter and medical reports from Blacker's primary care physician, Highland Ridge Hospital's Psychiatric Evaluation, the psychological evaluation from The Autism Clinic, the Liberty Healthcare Comprehensive Diagnostic Assessment, and other materials

provided by treatment providers and by Blacker's family. It is, thus, clear what materials were referenced by the district court.

Blacker argues that the district court's finding that he presents an extraordinarily high risk of reoffending is not supported by substantial and competent evidence in the record and, thus, constitutes clear error. Specifically, Blacker contends that this finding is contrary to: the conclusion in the PSI and the PSE that Blacker presents a moderate risk for reoffending; the presentence investigator's assessment that Blacker presents a low risk for recidivism based on his LSI-R risk categories; the psychosexual evaluator's determination that Blacker presents a low risk to reoffend when assessed as a juvenile, and a moderate risk to offend when assessed as an adult; and the other relevant evidence in the record. We disagree.

The district court considered all of the sentencing materials and the information therein. The district court considered the risk assessments in the PSI and the PSE. Contrary to certain arguments made by Blacker,[2] the district court was not bound in its sentencing decision by the risk assessments. Instead, the district court could, in the exercise of its discretion, consider the totality of the evidence in the record in making its own overall assessment, taking into account the risk Blacker presents and the primary goal of protecting the public. The district court did so.

The district court outlined the horrific nature of Blacker's crime. The district court found that "this [was] an extremely violent crime" and a "significant" crime for a first-time offender. Blacker denied that his attack was sexually motivated, stating that he was just having a bad day and wanted to "make somebody else's life worse than his own." Blacker's attack on his victim was violent, unprovoked, and opportunistic. While Blacker had no prior criminal history, he has a significant history of related misconduct. The PSE reveals that he sexually assaulted two female classmates by unwanted groping. These instances were known to Blacker's family and school officials, but not adjudicated in the criminal justice system. Sentencing documents relate two instances of hiding in the girls' bathroom at school, harassing a female classmate, bringing a knife

---

[2]     In his reply brief, Blacker notes that the Idaho Supreme Court has held that a sentencing court "must reject consideration of inaccurate, unfounded, or unreliable information in the PSI," and "must redline from the PSI information it is excluding as inaccurate or unreliable." *State v. Roman-Lopez*, 171 Idaho 585, 601, 524 P.3d 864, 880 (2023) (citations omitted). Blacker points out that the district court did not find the risk assessments in the PSI and PSE inaccurate, unfounded, or inaccurate, and the prosecutor did not so argue. Blacker reasons that since the district court did not modify the PSI, the court was bound by the risk assessments at sentencing. This argument is specious and without support in law.

4

to school, and taking a student's car for a joyride. Blacker was physically cruel to the family dog, stole items, ruined an expensive piece of equipment by acting recklessly causing him to lose a job after one week, and stole his dad's credit card. The autism clinic's evaluation concluded that Blacker often defies adults' requests; annoys, bullies, and teases others; and initiates physical fights with his siblings. The various evaluations in the sentencing materials show a variety of maladaptive behaviors. Further, Blacker's mother reported that Blacker has demonstrated "sexual curiosity that leads him to violate the boundaries of others and behave inappropriately in a sexual manner."

The district court concluded that Blacker is a high risk to reoffend based on the information provided to the court. The psychosexual assessments that indicate a moderate risk to reoffend were individual components of the sentencing materials, which the district court considered as a whole. The district court's finding that Blacker presents an extraordinary likelihood of reoffending is supported by substantial and competent evidence in the record.

## B.     Sentencing Factors

Blacker contends that the district court abused its discretion by placing too much emphasis on protection of society in its sentencing decision. Blacker argues that the district court failed to adequately consider his needs, amenability to treatment, and opportunities for treatment within the sentencing factors of rehabilitation and, ultimately, protection of society. Blacker also asserts that the district court failed to appreciate Blacker's age, autism diagnosis, and mental health issues when it imposed sentence. In response, the State argues that the court's primary consideration in sentencing is the good order and protection of society. The State emphasizes that the district court considered all the testimony and evidence, including evidence that this was a random violent offense on a stranger in broad daylight. Moreover, the State asserts that the district court was well-aware of Blacker's various diagnoses, expressly recognized the treatment options and arguments of counsel and, in its discretion, fashioned his sentence accordingly. Blacker has shown no error.

The objectives of sentencing are well established in Idaho: (1) protection of society; (2) deterrence of the individual and the public generally; (3) possibility of rehabilitation; and (4) punishment or retribution for wrongdoing. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. *State v. Hunnel*, 125 Idaho 623, 627, 873 P.2d 877, 881 (1994). A sentence need not serve all the

5

sentencing goals or weigh each one equally. *State v. Dushkin*, 124 Idaho 184, 186, 857 P.2d 663, 665 (Ct. App. 1993). Because Blacker's sentence falls within statutory limits, he has the burden to show that the sentence, in light of the governing criteria, is excessive under any reasonable view of the facts. *State v. Strand*, 137 Idaho 457, 460, 50 P.3d 472, 475 (2002).

Blacker argues that his mental health concerns and potential for rehabilitation favored a lesser sentence and, particularly, a blended sentence. Blacker focused his arguments at sentencing on his various diagnoses, including a relatively new autism diagnosis, and available treatment options in facilities outside of or in addition to adult incarceration. The district court recognized and addressed the various diagnoses and recommendations for treatment contained in the sentencing materials and presented by Blacker. The district court also acknowledged the significant and long-lasting impact Blacker's attack has on the victim. The district court considered that the primary objective of sentencing is protecting society, along with the related goals of deterrence, rehabilitation, or retribution. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. The district court, in its discretion, weighed the factors as supported by the evidence. Blacker's argument asks this Court to reweigh the evidence and assign a greater weight to his treatment and rehabilitative potential. We will not do so. Our role is limited to determining whether reasonable minds could reach the same conclusions as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). It is well-established that appellate courts in Idaho do not reweigh evidence. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007).

The district court found that this was an extremely violent crime and a significant crime for a first-time offender. After considering the *Toohill* factors, weighing both mitigating and aggravating factors, considering the recommendations for inpatient treatment, including the option of imposing a blended sentence, the court ultimately concluded that a prison sentence is necessary to protect society. Blacker has failed to show that the district court abused its discretion in fashioning his sentence.

## C.     Rule 35(b) Motion

Blacker argues that the district court abused its discretion when it denied his I.C.R. 35(b) motion for reduction of sentence. In his motion, Blacker asserted that, since his incarceration, he has spent time in solitary confinement in adult prison due to his age and has had medications withheld, which he argued was not contemplated by the district court at sentencing. He asked the district court to allow him to serve his sentence in a long-term, lock-down treatment facility that

includes juveniles or reconsider imposing a blended sentence. The State argues the district court was aware of the circumstances surrounding Blacker's confinement at the time of sentencing and did not err in denying Blacker's motion.

A motion for reduction of sentence under I.C.R. 35(b) is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35(b) motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). A court may abuse its discretion if it unreasonably refuses to consider relevant evidence or otherwise unduly limits the information considered. *State v. Bayles*, 131 Idaho 624, 626-27, 962 P.2d 395, 397-98 (Ct. App. 1998). In conducting our review of the grant or denial of a Rule 35(b) motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

Despite being aware of other options, at the time of sentencing, the district court expressly determined that Blacker should be incarcerated in an adult facility. The possibility that Blacker would experience difficulties as a juvenile in an adult facility was factored into the district court's analysis at the time of sentencing. The district court specifically stated:

> And I recognize those mitigating factors I said, that I think prison is going to be hard for you. I think prison may not give you the kind of treatment that you need, and there could be issues. . . . And I'm not under any illusions . . . prison will be all great. But it is where you have to go.

In denying Blacker's Rule 35(b) motion, the district court noted that it had contemplated the difficulties Blacker might face as a juvenile housed in an adult facility, but nonetheless the severity of his crime and the danger he posed to the community justified a prison sentence. That Blacker's Rule 35(b) motion pointed out specific hardships associated with his incarceration did not change the district court's analysis or conclusion regarding the appropriate sentence. Blacker has failed to show that the district court abused its discretion by denying his Rule 35(b) motion.

## IV.

## CONCLUSION

The district court did not abuse its discretion by imposing Blacker's sentence. In addition, the district court did not abuse its discretion by denying Blacker's I.C.R. 35(b) motion for

reduction of sentence.  Therefore, Blacker's sentence and the order denying Blacker's I.C.R. 35(b) motion are affirmed.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.