**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50522**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 25, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| PRESTON MICHAEL VOTROUBEK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment of conviction and unified sentence of sixteen years with a minimum period of confinement of six years for rape, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Preston Michael Votroubek appeals from the district court's judgment of conviction and sentence for rape. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Law enforcement received a report from the mother of a thirteen-year-old girl (N.S.), stating her daughter was raped at a friend's birthday party. At the party, N.S. consumed alcohol and muscle relaxers, became intoxicated, and went to lie down in her friend's bedroom. N.S.'s memory was incomplete, but she reported Votroubek came into the room, pulled her pants down, she felt a ripping pain, and woke up naked. Police questioned another juvenile at the party (C.E.), who stated Votroubek went into the bedroom and C.E. saw N.S. on her side while Votroubek had sex with her.

1

Police interviewed Votroubek, who was seventeen years old. At first Votroubek only admitted he inserted his finger inside N.S.'s vagina and she touched his penis. The next day, Votroubek called police and admitted having oral and genital sex with N.S. Two days after the phone call, Votroubek went to the police station and admitted he knew N.S. took muscle relaxers and consumed alcohol that night. Votroubek stated while he engaged in sexual conduct with N.S. it seemed like she was falling asleep.

The State charged Votroubek with rape, Idaho Code § 18-6101. During the trial, Votroubek's counsel questioned the detective about the interview tactics and methods used to elicit incriminating statements from Votroubek, suggesting coercion. On re-direct examination, the prosecutor asked the detective, "Did the defendant ever move to exclude his statements?" Votroubek objected but the district court overruled the objection. The jury found Votroubek guilty. The district court imposed a unified sentence of sixteen years with six years determinate. Votroubek appeals.

## II.

## STANDARD OF REVIEW

The trial court has broad discretion in the admission and exclusion of evidence and its decision to admit evidence will be reversed only when there has been a clear abuse of that discretion. *State v. Folk*, 162 Idaho 620, 625, 402 P.3d 1073, 1078 (2017). The question of whether evidence is relevant is reviewed de novo, while the decision to admit relevant evidence is reviewed for an abuse of discretion. *State v. Garcia*, 166 Idaho 661, 669, 462 P.3d 1125, 1133 (2020).

Sentencing lies within the discretion of the trial court. *State v. Casper*, 169 Idaho 793, 797, 503 P.3d 1009, 1013 (2022). When reviewing whether the length of a sentence is excessive, the appellate court reviews all the facts and circumstances in the case and focuses on whether the trial court abused its discretion in fashioning the sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007); *State v. Baker*, 136 Idaho 576, 577, 38 P.3d 614, 615 (2001).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Votroubek claims the district erred by overruling his objection to the detective's testimony regarding Votroubek not moving to exclude evidence of his statements. Votroubek argues the testimony was irrelevant and should have been excluded. In addition, Votroubek asserts the district court erred by imposing an excessive sentence.

## A.      Detective's Testimony

Votroubek argues that whether defense counsel filed a motion to suppress evidence was not relevant to the jury's evaluation of his statements. Votroubek claims the non-filing of a motion to suppress was too speculative, confusing, and complex to offer any probative value to any fact of consequence. The State asserts that the district court correctly determined Votroubek's coercion implications could be refuted through the detective's testimony. The State claims the testimony was a fair and relevant response to Votroubek's insinuations. Alternatively, the State argues any error in the admission of evidence was harmless.

Generally, we will not consider an alleged non-constitutionally based error on appeal in the absence of a timely objection in the trial court. *See State v. Bernal*, 164 Idaho 190, 193, 427 P.3d 1, 4 (2018). To preserve an evidentiary objection for review, Idaho Rule of Evidence 103 requires the party challenging an evidentiary ruling admitting evidence to state the grounds for objection clearly, unless the specific ground for objection is apparent from context. *State v. Chacon*, 168 Idaho 524, 532, 484 P.3d 208, 216 (Ct. App. 2021). After the State asked the detective if Votroubek sought to exclude statements through a pretrial motion, Votroubek objected. Votroubek stated: "Judge, I'll object on--" at which point the district court overruled the objection without allowing Votroubek the opportunity to establish a basis for the objection. The district court said "I'm going to overrule. The implication was made." While Votroubek did not articulate a basis for the objection, either before or after the district court's ruling, the parties agree that the basis of the objection and ruling is ascertainable from the context; namely, that the district court determined Votroubek implied, through his question of the detective, that his statements were coerced and, therefore, the prosecutor could refute that implication by showing that defense counsel did not file a motion to suppress the statements. Votroubek argues that whether his counsel did or did not file a motion to exclude the statements is not relevant, even to rebut the implication of coercion.

3

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. I.R.E. 401. Relevant evidence is generally admissible. I.R.E. 402. "[T]here is no requirement that evidence be relevant only to a disputed issue under I.R.E. 401, only that evidence be probative and material." *Garcia*, 166 Idaho at 671, 462 P.3d at 1135. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *Id.* at 670, 462 P.3d at 1134.

At trial, Votroubek asked the detective about the methods and tactics used in eliciting Votroubek's inculpatory statements. Votroubek attempted to show that the statements were the product of manipulation or coercion. Votroubek asked the detective about his interview techniques such as: telling Votroubek he had talked to everyone when he had not; assuring Votroubek that he would be able to leave; not advising Votroubek of *Miranda*[1] rights; and interviewing the seventeen-year-old alone. Votroubek's counsel suggested the detective challenged Votroubek's story until it conformed to what C.E. told the detective. In response to the insinuations, on re-direct the prosecutor asked the detective about the propriety of his investigation. The prosecutor asked if the detective could get into trouble if he violated Votroubek's rights or coerced a confession. Once the detective confirmed that he did not get into trouble in this case, the prosecutor asked: "Did the defense ever move to exclude his statements?" Votroubek objected, but the district court overruled stating, "The implication was made."

Votroubek contends the district court erred because the evidence concerning whether defense counsel filed a motion to suppress was neither probative nor material. The State asserts once Votroubek opened the door, it could elicit testimony to refute the insinuations. *See State v. Kimbley*, 173 Idaho 149, 159-60, 539 P.3d 969, 979-80 (2023) (eliciting evidence of other wrongful acts permissible once defendant opened the door for the State to rehabilitate witness's credibility); *State v. Brown*, 131 Idaho 61, 69, 951 P.2d 1288, 1296 (Ct. App. 1998) (prosecutor's arguments did not disparage defense counsel but were fair responses to attacks on the victim's credibility). In *United States v. Robinson*, 485 U.S. 25, 26 (1988), Robinson's counsel argued during his closing that "the Government had not allowed [the defendant] to explain his side of the story" and the prosecutor responded during his summation that the defendant "could have taken

---

[1]     *Miranda v. Arizona*, 384 U.S. 436 (1966).

4

the stand and explained it to you." The Supreme Court held that "the comment by the prosecutor did not violate respondent's privilege to be free from compulsory self-incrimination guaranteed by the Fifth Amendment to the United States Constitution." *Id*. The Court later reiterated that, "where as in this case the prosecutor's reference to the defendant's opportunity to testify is a fair response to a claim made by defendant or his counsel, we think there is no violation of the privilege." *Id*. at 32. The State's question was an attempt to elicit a fair response to Votroubek's implication of coercion and, therefore, was relevant.

Votroubek's cross-examination sought to discredit the detective's interview techniques as manipulative or coercive. By questioning the manner Votroubek was interviewed and the circumstances surrounding the confession, Votroubek insinuated some impropriety by the State. Thereafter, the State on re-direct sought to refute Votroubek's insinuation by asserting Votroubek's counsel never sought to exclude the statements. The State contends the circumstances surrounding the investigation and Votroubek's inculpatory statements were proper because otherwise Votroubek would have filed a motion to suppress. While there may be a number of reasons why defense counsel would not file a motion to suppress, thus potentially making the question and answer speculative and confusing, Votroubek did not argue in the district court that the question and answer should be excluded under I.R.E. 403, although, as noted, the district court ruled before Votroubek could state the basis for the objection. However slight, the question and answer were relevant to counter or minimize the implication of coercion in obtaining the statements from Votroubek.

Even assuming that the district court erred in admitting the testimony, we hold that any error in admitting evidence of Votroubek's failure to file a motion to suppress was harmless. A defendant is entitled to a fair trial, but not a perfect trial. *State v. Enno*, 119 Idaho 392, 408, 807 P.2d 610, 626 (1991); *State v. Estes*, 111 Idaho 423, 428, 725 P.2d 128, 133 (1986). Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). Where a criminal defendant shows an error based on a contemporaneously objected-to, nonconstitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt the error did not contribute to the jury's verdict. *State v. Montgomery*, 163 Idaho 40, 46, 408 P.3d 38, 44 (2017). Harmless error is error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record. *Garcia*, 166 Idaho at 674, 462 P.3d at 1138. This standard requires weighing the probative force of the record

as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of the error. *Id.* If the error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. *Id.* The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

Turning to the probative force or prejudicial effect of the error, Votroubek asserts the detective's testimony was irrelevant and the filing of a motion should not factor into the jury's consideration of the statements themselves. Votroubek claims the non-filing of a motion to suppress was too speculative, confusing, and complex to offer any probative value to any fact of consequence. Because the statement was admitted, Votroubek asserts it led to a misguided bolstering of the detective and called into question the veracity of Votroubek's cross-examination. Votroubek states the question and answer impermissibly attacked defense counsel for failure to file a motion to suppress. The question and answer cannot fairly be appreciated as an attack on defense counsel for failing to file a motion. A jury would not consider the complexities incident to filing or not filing a motion. More likely is that the jury would evaluate the implication of coercion from the recorded interviews themselves. The probative value of the included evidence was minimal.

On the other hand, the probative force of the record as a whole supporting Votroubek's guilt beyond a reasonable doubt is substantial. N.S. testified about the events on the night in question. After taking pills and consuming beer, N.S. recalled becoming disoriented and Votroubek coming into the room. N.S. said, "No, please go away," when Votroubek asked if she wanted to have sex. N.S. slipped in and out of consciousness but was woken up by a sharp stabbing pain. C.E. testified to N.S.'s inebriated state and, after helping N.S. into bed, seeing Votroubek thrust into her unresponsive body. The jury heard from the detective and the recorded interviews in which Votroubek admitted to the various sex acts. Upon the eyewitness testimony and Votroubek's admissions, the probative force of the whole record excluding the challenged evidence was particularly strong.

Whether Votroubek's counsel filed a pretrial motion weighed little on the jury. As Votroubek notes: speculative, confusing, and complex pretrial motions are made outside the

6

presence of a jury and their ability to track those implications in the midst of trial are remote. To the extent it impermissibly bolstered the investigation, the entire record establishes this exchange was insignificant. The jury had the recordings of the detective's conversations with Votroubek and could decide for itself whether they were coercive in some manner. Thus, weighing the probative force of the record as a whole and at the same time comparing it against the probative force of the error, the error in including the evidence was harmless. The error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error.

## B.    Sentencing

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *Oliver*, 144 Idaho at 726, 170 P.3d at 391. Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Votroubek contends under any reasonable view of the facts the district court should have sentenced him to a lesser term or retained jurisdiction. Specifically, Votroubek asserts the district court erred because of mitigating factors including his troubled childhood, young age, and motivation to become a productive member of society.

In fashioning Votroubek's sentence, the district court considered the presentence investigation report, the psychosexual evaluation, and the comments and recommendations of

7

counsel. The district court considered and applied the *Toohill* factors, the statutory factors under I.C. § 19-2521, and evidence from the entire proceeding. The district court considered the mitigating factors but found his age did not outweigh the heinous nature of the crime. Reviewing the materials and in light of Votroubek's failure to take responsibility or show remorse, the district court found Votroubek instead attempted to show deficiencies in his own upbringing. The district court determined incarceration was necessary to protect society; retribution was necessary for the crime against a child; and Votroubek needed to be deterred from future behavior.[2]

Votroubek concedes his sentence is within the statutory limit of life in prison. I.C. § 18-6104. Votroubek essentially asks this Court to reweigh the evidence, which we will not do. Reasonable minds could conclude that the sentence imposed was appropriate to accomplish the goals of criminal sentencing. Accordingly, Votroubek has failed to show the district court abused its discretion in sentencing.

## IV.

## CONCLUSION

Votroubek failed to demonstrate reversible evidentiary error. Votroubek failed to demonstrate that the district court abused its sentencing discretion. Therefore, Votroubek's judgment of conviction and sentence are affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.

---

[2] Votroubek's psychosexual evaluation found he posed a "moderately high risk to re-offend," but the findings were "based solely on unverified answers" because Votroubek did not take a polygraph. Without an assurance of rehabilitation, Votroubek's difficult upbringing and lack of familial support indicate a high likelihood of reoffending.